IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genaro Lopez Maduena,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-281-PHX-FJM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus and Petitioner filed a Reply to the Limited Answer. (Docs. 6-7) As explained below, the undersigned Magistrate Judge recommends the Petition be dismissed as untimely.

**I. Background**

      **A. Trial and Sentencing**

      Petitioner challenges his criminal convictions in two separate Arizona cases. In Pinal County Superior Court Case No. CR 2008-01452, Petitioner was convicted after a jury trial of two counts of Selling Dangerous Drugs and two counts of Selling, Transferring, or Offering to Sell or Transfer Marijuana. (Doc. 6, Exh. A) Through a combination of concurrent and consecutive prison terms, the trial court sentenced Petitioner to a total of 25 years in the Arizona Department of Corrections in this case. (*Id.*)

1    In Pinal County Superior Court Case No. CR 2008-01005, Petitioner was convicted after a jury trial of Sale or Transportation of Methamphetamine, Possession of Methamphetamine for Sale, and Possession for Sale of More Than Nine Grams of Cocaine. (Doc. 6, Exh. C)  The trial court sentenced Petitioner to three concurrent terms of ten years in prison, commencing upon the completion of the 25-year sentence in the other State case. (*Id.* at 2)

**B. Direct Review**

Petitioner sought direct review in both cases.  In CR 2008-01452, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (Az. Ct. App. 1989), stating there were no arguable issues of law to present and asking the Arizona Court of Appeals to review the record for fundamental error. (Doc. 6, Exh. A at 2)  Petitioner did not file a *pro se* supplemental brief. (*Id.*)  The Court of Appeals issued a Memorandum Decision on March 16, 2010, in which it found no reversible error and affirmed Petitioner's convictions and sentences. (*Id.* at 3)  When Petitioner failed to seek further review, the Court of Appeals issued a Mandate on April 23, 2010.  (*Id.*, Exh. B)

In CR 2008-01005, Petitioner presented a single issue on direct appeal: that his conviction for Possessing Methamphetamine for Sale was "redundant" to his conviction for Sale or Transportation of Methamphetamine, and that this double jeopardy violation constituted fundamental error. (*Id.*, Exh. C at 2)  The Court of Appeals rejected Petitioner's argument, found no error, and affirmed Petitioner's convictions and sentences. (*Id.* at 5) When Petitioner failed to seek further review, the Court of Appeals issued a Mandate on January 5, 2011. (*Id.*, Exh. D)

**C. State Post-Conviction Proceedings**

On April 11, 2011, Petitioner initiated State post-conviction proceedings by filing a Notice of Post-Conviction Relief ("Notice") and, simultaneously, a Petition for Post-Conviction Relief in both cases. (Doc. 6, Exhs. E at 21-22; F)  The attorney appointed by the trial court to represent Petitioner in the post-conviction proceedings subsequently filed a

- 2 -

1 notice, stating she had found no colorable claims to raise. (*Id*, Exh. E at 2) Although Petitioner was granted additional time to file a *pro se* petition, he elected to rely on the Petition he had previously filed with the Notice of Post-Conviction Relief. (*Id.*)

In an order entered on September 8, 2011, the trial court addressed the merits of Petitioner's post-conviction relief claims and denied relief. (*Id*., Exh. G) On October 11, 2011, Petitioner filed a Petition for Review. (*Id*., Exh. H) In a Memorandum Decision on January 10, 2012, the Arizona Court of Appeals granted review but denied relief. (*Id*., Exh. E) The Court of Appeals determined that it need not address the merits of Petitioner's claims because his Notice of Post-Conviction Relief was filed untimely. (*Id.* at 3) Based on the untimely Notice, the Court of Appeals denied relief. (*Id.* at 4) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 1 at 5)

**D. Federal Habeas Petition**

On January 30, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court.[1] (Doc. 1) Petitioner alleges three grounds for relief in the Petition. First, he alleges ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments based on allegations that counsel failed to raise certain issues on appeal. (*Id.* at 6-9) Second, Petitioner alleges ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments based on counsel's alleged errors during the pretrial stages and trials of the two cases. (Doc. 1 at 10-15) Third, Petitioner contends his convictions were obtained as a result of prosecutorial misconduct in violation of the Fifth Amendment Due Process Clause and the Sixth Amendment right to a fair trial. (Doc. 1 at 16-20) On April 27, 2012, Respondents filed their answer and on May 21, 2012, Petitioner filed his reply. (Docs. 6-7)

---

[1] The docket reflects the Petition was actually filed on February 10, 2012. (Doc. 1) The January 30, 2012 filing date is the date Petitioner signed the Petition, doc. 1 at 23, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

- 3 -

## II. Discussion

Respondents argue the Petition should be dismissed because it was not filed within the federal statute of limitations period for filing habeas petitions. Alternatively, Respondents contend Petitioner's claims are procedurally defaulted. Because the information presented clearly establishes Petitioner's habeas Petition was filed after the limitations period expired, the Court finds the Petition is barred and recommends the Petition be denied on that basis. The Court finds it unnecessary to address Respondents' alternative argument.

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision at § 2244(d)(2) until it has achieved final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S.

1   214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a
2   state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d
3   921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-
4   conviction relief is filed even though the petition may not be filed until later. *Isley v. Arizona*
5   *Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's
6   state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was
7   entitled to tolling from the date when the Notice was filed. The district court erred in
8   dismissing his petition as untimely.").

9          State post-conviction petitions rejected as untimely by the State court are not
10  "properly filed" under § 2244(d)(2), and do not toll the statute of limitations. *Pace v.*
11  *DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA
12  petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling
13  under § 2244(d)(2)."). "When a post-conviction petition is untimely under state law, 'that
14  [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

15         The AEDPA statute of limitations is subject to equitable tolling in appropriate cases.
16  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner
17  must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary
18  circumstances stood in his way" and prevented him from filing a timely petition. *Id.* at 2562
19  (quoting *Pace*, 544 U.S. at 418) (internal quotation marks omitted).

20  **B. Analysis**

21         Here, in CR 2008-01452, the Arizona Court of Appeals denied relief and affirmed
22  Petitioner's convictions and sentences on March 16, 2010. (Doc. 6, Exh. A) Petitioner then
23  had thirty days to seek review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a)
24  (petition for review to the Arizona Supreme Court must be filed within 30 days after the
25  filing of the decision by the Court of Appeals). As a result of Petitioner's failure to seek
26  review in the Arizona Supreme Court, his convictions became final upon the expiration of
27  the time to seek review, which was April 15, 2010. *See Hemmerle v. Schriro*, 495 F.3d 1069,
28  1074 (9th Cir. 2007) (direct appeal was final on the date the petitioner allowed his time to

1 seek review in the Arizona Supreme Court to expire). Thus, the AEDPA statute of limitations began to run the next day and expired one year later on April 15, 2011. Petitioner did not file his federal habeas petition until January 30, 2012, more than nine months after the limitations period expired.

Moreover, Petitioner's Notice of Post-Conviction Relief, filed on April 11, 2011, did not toll the limitations period. As determined by the Arizona Court of Appeals, Petitioner's Notice was untimely because it was not filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." (Doc. 6, Exh. E at 3) (quoting Ariz.R.Crim.P. 32.4(a)). The Court of Appeals found Petitioner filed his Notice "more than eleven months" after the mandate issued. (Doc. 6, Exh. E at 3) Because the Notice was untimely, it was not "properly filed" under § 2244(d)(2) and, consequently, it did not toll the statute of limitations. *See Pace*, 544 U.S. at 417. Thus, with respect to Petitioner's convictions in CR 2008-01452, the Court finds that the habeas petition was filed after the statute of limitations expired and is untimely.

Similarly, in CR 2008-01005, the Arizona Court of Appeals denied relief and affirmed Petitioner's convictions and sentences on September 3, 2010. (Doc. 6, Exh. C)  Petitioner then had thirty days to seek review in the Arizona Supreme Court. *See* Ariz.R.Crim.P. 31.19(a).  As a result of Petitioner's failure to seek review in the Arizona Supreme Court, his convictions became final upon the expiration of the time to seek review, which was October 3, 2010. *See Hemmerle*, 495 F.3d at 1074. Thus, the AEDPA statute of limitations began running the next day and expired one year later on October 3, 2011. Petitioner did not file his federal habeas petition until January 30, 2012, nearly four months after the limitations period expired.

As in the other State case, Petitioner's Notice of Post-Conviction Relief, filed on April 11, 2011, did not toll the federal limitations period. As the Arizona Court of Appeals determined, Petitioner's Notice was untimely because it was not filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order

1  and mandate in the direct appeal, whichever is the later." (Doc. 6, Exh. E at 3) (quoting
2  Ariz.R.Crim. P. 32.4(a)). The Court of Appeals found that Petitioner filed his Notice "more
3  than ninety days" after the mandate issued. (*Id*., Exh. E at 3) Because the Notice was
4  untimely, it was not "properly filed" under § 2244(d)(2) and, consequently, it did not toll the
5  AEDPA statute of limitations. *See Pace*, 544 U.S. at 417. Thus, as to Petitioner's convictions
6  in CR 2008-01005, the Court finds Petitioner's federal habeas petition was filed after the
7  statute of limitations expired and is untimely.

8  Nothing raised by Petitioner in his Petition or Reply alters the Court's analysis. In the
9  Petition's section that provides an opportunity to explain why the statute of limitations does
10 not bar the Petition, Petitioner simply wrote, "Timely filed." (Doc. 1 at 23) In his Reply,
11 Petitioner argues that, because the trial court accepted his untimely Notice of Post-Conviction
12 Relief, the Notice properly tolled the federal habeas limitations period. (Doc. 7 at 4) He
13 further argues that the Arizona Court of Appeals erred when it subsequently determined that
14 Petitioner's Notice of Post-Conviction Relief was untimely. (*Id.* at 5)

15 The Court finds Petitioner's argument is unpersuasive. Any claim that the Arizona
16 Court of Appeals erred when it found his Notice of Post-Conviction Relief to be untimely,
17 should have been raised in a petition for review to the Arizona Supreme Court, which
18 Petitioner failed to do. (Doc. 1 at 5) Because the Arizona Court of Appeals rejected
19 Petitioner's Notice of Post-Conviction Relief as untimely, the Notice was not "properly
20 filed," and Petitioner is not entitled to statutory tolling under § 2244(d)(2). *See Pace*, 544
21 U.S. at 417.

22 Petitioner has not alleged in his habeas Petition or Reply that equitable tolling of the
23 limitations period should apply here. Based on its own review of the information presented
24 by Petitioner, the Court finds there is no basis to conclude that extraordinary circumstances
25 beyond Petitioner's control prevented him from filing a timely petition.

26 **C. Conclusion**

27 For the foregoing reasons, the Court finds Petitioner's habeas Petition is barred by the
28 AEDPA statute of limitations.

**IT IS HEREBY RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, doc. 1, be **DENIED**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

Dated this 29th day of April, 2013.

Lawrence O. Anderson
United States Magistrate Judge